IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **ARTIFICIAL NAIL TECHNOLOGIES, INC., a Utah corporation and TRUE FIT NAILS, LLC a Utah limited liability company;** | **ORDER** |
| **Plaintiffs,** | |
| vs. | Case No. 2:06CV609DAK |
| **FLOWERING SCENTS, LLC, a Nevada limited liability company; SEVEA INTERNATIONAL, INC., a Nevada corporation; MICHAEL MACRIS, an individual; CHRISTINA MCNALLY, an individual; and CRAIG GIFFORD, an individual;** | |
| **Defendants.** | |

This matter is before the court on Plaintiffs' Artificial Nail Technologies, Inc. and True Fit Nails, LLC (collectively "Plaintiffs" or "ANT") Motion to Disqualify Van Cott Bagley Cornwall & McCarthy From Representing Defendants in this Matter. The court held a hearing on the motion on August 3, 2006. At the hearing, Brent E. Johnson and Jennifer L. Lange represented Plaintiffs. John A. Snow and James R. Farmer represented Defendants Flowering Scents, LLC, SEVEA International, Inc., Michael Macris, Christina McNally and Craig Gifford (collectively "Defendants"). Before the hearing, the court carefully considered the memoranda

and other materials submitted by the parties. Since taking the motion under advisement, the court has further considered the law and facts relating to the motion. Now being fully advised, the court renders the following Order.

Plaintiffs ask the court to disqualify Van Cott as attorneys of record for Defendants in this action based on an alleged conflict of interest. The court assumes Plaintiffs' motion also applies to the other related litigation currently pending before the court.

Plaintiffs claim that it reasonably believed it formed an attorney-client relationship with Van Cott. "An attorney-client relationship exists when the client reasonably believes the attorney represents the client's legal interests." *Roderick v. Ricks*, 54 P.3d 1119, 1125 (Utah 2002). The Scott Nielson Proffer outlines meetings, emails, telephone calls and discussions based upon which Nielson could have reasonably believed Van Cott was representing Plaintiffs' legal interests. Therefore, Plaintiffs could have believed that Van Cott was concurrently representing both Plaintiffs and Defendants.

Even assuming an attorney-client relationship had not arisen, duties arose between Van Cott and Plaintiffs under U.R.P.C. 1.18. Duties to Prospective Clients.

> (a) A person who discusses with a lawyer the possibility of forming a client-lawyer relationship with respect to a matter is a prospective client.
> (b) Even when no client-lawyer relationship ensues, a lawyer who has had discussions with a prospective client shall not use or reveal information learned in the consultation, except as Rule 1.9 would permit with respect to information of a former client.
> A lawyer subject to paragraph (b) shall not represent a client with interests materially adverse to those of a prospective client in the same or a substantially related matter if the lawyer received information from the prospective client that

> could be significantly harmful to that person in the matter, except as provided in paragraph (d). If a lawyer is disqualified from representation under this paragraph, no lawyer in a firm with which that lawyer is associated may knowingly undertake or continue representation in such a matter, except as provided in paragraph (d).
> (d) When a lawyer has received disqualifying information as defined in paragraph (c), representation is permissible if:
> (d)(1) both the affected client and the prospective client have given informed consent, confirmed in writing, or;
> (d) the lawyer who received the information took reasonable measure to avoid exposure to more disqualifying information than was reasonably necessary to determine whether to represent the prospective client.

U.R.P.C. 1.18 (Duties to Prospective Client). As such, Nielson may have reasonably had an expectation of confidentiality from Van Cott arising from joint or concurrent representation. Plaintiffs claim that their confidential information is now subject to improper use against it in the lawsuit filed by Defendants against it.

A lawyer may provide concurrent representation if "each client gives informed consent, confirmed in writing." U.R.P.C. 1.7(b)(4). Informed consent is imperative in concurrent representation situations and clients may make decisions with all of the relevant information at hand to move forward even though a conflict may arise. For that reason "[w]hen representation of multiple clients in a single matter is undertaken," the information provided to the clients when obtaining informed consent "must include the implications of the common representation, including possible effects on loyalty, confidentiality and the attorney-client privilege and the advantages and risks involved." Comment [18] to U.R.P.C. 1.7.

Van Cott, however, claims that it never represented any of the Plaintiffs and that a concurrent representation situation never arose with Plaintiffs and Defendants. Van Cott claims that on more than one occasion it told Plaintiffs that it was not and could not represent Plaintiffs.

Comment [4] to Rule 1.18 explains that "[w]here the information indicates that a conflict of interest or other reason for non-representation exists, the lawyer should so inform the prospective client or decline the representation . . . [i]f the prospective client wishes to retain the lawyer, and if consent is possible under Rule 1.7, then consent from all affected present or former clients must be obtained before accepting the representation."  In either situation, Van Cott admits that it did not reduce the scope of its representation to writing, explain the potential for conflicts, or specifically delineate its clients in writing to itself or to the parties.  By so doing, neither Plaintiffs nor Van Cott would be in the position of having to defend their actions before this court.

If Plaintiffs' relationship with Van Cott ever rose to that of an attorney-client relationship, which under *Roderick* is based on the client's reasonable belief, Rule 1.9 allows disqualification of an attorney who sues a former client in a substantially related matter. *Houghton v. Dep't of Health,* 962 P.2d 58, 61 (Utah 1998).  "Rule 1.9(b) provides that an attorney may not use information relating to the representation of a former client to the disadvantage of that client" to ensure confidentiality and loyalty owed to the client is not compromised.  *Id.; Poly Software Int'l, Inc. v. Su*, 880 F. Supp. 1487, 1493 (D. Utah 1995).  In order to establish "substantiality," there must be a "distinct, factual link between the former and present representations."  *Houghton*, 962 P.2d at 62.  In this matter, the former and present representations are clearly linked, thus substantiality is easily established.

Once substantiality has been proved, therefore, an irrebuttable "presumption arises that a client has indeed revealed facts to the attorney that require his disqualification."  *Bodily v. Intermountain Health Care Corp.*, 649 F. Supp. 468, 474 (D. Utah 1986); *see also Houghton*,

962 P.2d at 62.

The court is not entirely convinced that Plaintiffs gave Van Cott sensitive, privileged information that Defendants necessarily would not have received in the ordinary course of due diligence. However, "the premature possession of [ANT's financial] information could well have substantial impact on settlement proposals and on trial strategy." *Marguiles v. Upchurch*, 696 P.2d 1195, 1202 (Utah 1985).

Plaintiffs' motion was brought early in the litigation and thus it will not needlessly delay the litigation or "impair [] the efficient administration of justice." *Bodily*, 649 F. Supp. at 478.

Based upon the above reasoning, IT IS HEREBY ORDERED that Plaintiffs' Motion to Disqualify Van Cott Bagley Cornwall & McCarthy From Representing Defendants in this Matter is GRANTED. The court also ORDERS that Van Cott is hereby disqualified from all other related matters presently pending before this court. The court will allow two weeks from the date of this Order to secure new counsel.

DATED this 4th day of August, 2006.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge