IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ARTIFICIAL NAIL TECHNOLOGIES, INC., a Utah corporation and TRUE FIT NAILS, LLC a Utah limited liability company;<br><br>**Plaintiffs,**<br><br>vs.<br><br>FLOWERING SCENTS, LLC, a Nevada limited liability company; SEVEA INTERNATIONAL, INC., a Nevada corporation; MICHAEL MACRIS, an individual; CHRISTINA MCNALLY, an individual; and CRAIG GIFFORD, an individual;<br><br>**Defendants.** | ORDER<br><br>Case No.  2:06CV609DAK |

This matter is before the court on Plaintiffs' Artificial Nail Technologies, Inc. and True Fit Nails, LLC (collectively "Plaintiffs" or "ANT") Motions for Preliminary Injunction and Writ of Replevin.  The court held an evidentiary hearing on the motions on September 1, 2006.  At the hearing, Brent E. Johnson, Jennifer L. Lange and S. Brandon Owen represented Plaintiffs.   Scott Savage and Stephen Waldron represented Defendants Flowering Scents, LLC, SEVEA International, Inc., Michael Macris, Christina McNally and Craig Gifford (collectively "Defendants").  After a careful review of all the memoranda and exhibits submitted by the

parties, the testimony and evidence admitted at the hearing, and the law and facts relevant to these motions, the court enters the following Order.

## I. BACKGROUND

ANT, its predecessor entity True Fit Nails ("TFN") and its various individuals, including Gifford, have spent substantial time and money in acquiring and developing specialized technologies and processes related to patented precision-fit artificial fingernails. In early 2006, ANT negotiated with Flowering Scents ("FS"), a multi-level marketing business that claimed to possess a distributor base that could market ANT's artificial nails. ANT and FS negotiated and signed an Asset Contribution Agreement ("ACA"), wherein FS and ANT agreed to contribute substantially all of their assets to form a new entity, Sevea, in return for equity in Sevea. ANT was to contribute its intellectual property in the form of the patents and processes, as well as its equipment and physical plant to the new Sevea joint venture. Both FS and ANT were to receive shares of stock in return for contribution of their assets.

In connection with the formation of Sevea, FS, Gifford, Macris and McNally, each a director of Sevea, entered into confidential and nondisclosure agreements with ANT, in an effort to protect FS and ANT's proprietary and confidential information if the ACA was not consummated.

Plaintiffs claim that despite entering into the ACA, no contribution or exchange of stock took place among ANT, FS and Sevea as provided in the ACA. Specifically, ANT claims that it never received any shares of Sevea stock or other consideration for its assets which caused the

ACA to terminate pursuant to Section 7.3.  Defendants' shifting view of the ACA's validity punctuates the dispute in the facts over the ACA, distribution of stocks and assets.  However, it appears the asset exchanges occurred.  Plaintiffs have since demanded the return of their assets.

Plaintiffs now seek two preliminary injunctions and a writ of replevin.  Plaintiffs claim that because the ACA terminated pursuant to its own terms, Defendants are infringing on Plaintiffs' trade secrets and proprietary information and are unlawfully holding Plaintiffs' assets and leasehold interest in the ANT facility.   Plaintiffs claim that Defendants, through Sevea, are directly competing with ANT by using its facility, equipment, proprietary information and processes.  Plaintiffs also claim that ANT is currently, and will continue to be, harmed by this unfair competition.  Plaintiffs claim that FS, Gifford, Macris, and McNally, through their involvement with ANT, were in a unique position to know ANT's confidential and proprietary information and trade secrets and are now using that information to compete with ANT.  Plaintiffs claim that each of the individuals agreed to injunctive relief as a term of their employment agreements with ANT.

## II.  DISCUSSION

A preliminary injunction is an extraordinary remedy that is not routinely granted.  *See National Steel Car v. Canadian Pac. R.R.*, 357 F.3d 1319, 1324 (Fed. Cir. 2004).  It should not be granted unless the movant's right to relief is "clear and unequivocal." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 269 F.3d 1149, 1154 (10th Cir. 2001); *SCFC ILC v. Visa USA, Inc.*, 936 F.2d 1096, 1098 (10th Cir. 1991).  For a preliminary injunction to issue a plaintiff must show (1) a substantial likelihood of success on the merits; (2) immediate irreparable harm unless the injunction issues; (3) the threatened injury outweighs the damage the

proposed injunction may cause defendants; and (4) the injunction, if issued, would not be adverse to the public interest. *See Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). A preliminary injunction that alters the status quo, as in this case, is disfavored and Plaintiff must meet the heavier burden of demonstrating that the four factors of a preliminary injunction weigh "heavily and compellingly" in its favor before an injunction may issue. *Kikumura v. Hurley*, 242 F.3d 950 (10th Cir. 2001); *Visa*, 936 F.2d 1098-99.

Based on the materials before the court and the testimony heard, at this preliminary stage, the court does not believe that Plaintiffs have proven by the requisite clear and unequivocal standard necessary for a preliminary injunction to issue. Yet, given the possibility that Plaintiffs may be entitled to injunctive relief as facts develop during the discovery process, the court grants Defendants' request for a period of expedited discovery. The parties should be allowed and are entitled to discovery of information relating to the development and use of the artificial nail patents and products being offered by Sevea and ANT. The court notes, however, that it is troubled by the seemingly carefree attitude toward several important documents in this case by the parties, namely the employment agreements and the Asset Contribution Agreement.

The parties have until Monday, January 15, 2007 to complete discovery. Any additional briefing must be filed by both parties no later than 5:00 p.m. on Monday, January 29, 2007. The parties should exchange their materials by hand courier between local counsel and by facsimile and overnight courier should out-of-state counsel be retained.

The court will hold a hearing on Plaintiffs' motions for preliminary injunction on February 26 and February 27, 2007, beginning at 9 a.m. and continuing until 5 p.m. both days, if necessary. Each side will be allowed to submit any declarations necessary to support their

positions and will be allowed to call up to three live witnesses at the hearing.

Plaintiffs' motion for writ of replevin is, for the most part, moot because Defendants have offered the return of Plaintiffs' equipment. Therefore, Plaintiffs' motion for writ of replevin is denied.

## CONCLUSION

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED that Plaintiffs' Motions for Preliminary Injunction and Writ of Replevin are DENIED, pending the expedited discovery and schedule for further briefing outlined above.

DATED this 5th day of September, 2006.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge