IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ARTIFICIAL NAIL TECHNOLOGIES, INC., a Utah corporation and TRUE FIT NAILS, LLC a Utah limited liability company;<br><br>     **Plaintiffs,**<br><br>vs.<br><br>FLOWERING SCENTS, LLC, a Nevada limited liability company; SEVEA INTERNATIONAL, INC., a Nevada corporation; MICHAEL MACRIS, an individual; CHRISTINA MCNALLY, an individual; and CRAIG GIFFORD, an individual;<br><br>     **Defendants.** | **ORDER**<br><br>Case No.  2:06CV609DAK |

  This matter is before the court on Defendants Flowering Scents, LLC, Sevea International, Inc., Michael Macris, and Christina McNally's (collectively "Defendants") Motion to Alter or Amend Findings of Fact, Conclusions of Law and Order on ANT's Motion for Writ of Replevin.  Defendants' motion is brought pursuant to Rule 52 of the Federal Rules of Civil Procedure.  Rule 52(b) provides that "[o]n a party's motion filed no later than 10 days after entry of judgment, the court may amend its findings–or make additional findings–and may amend the judgment accordingly."  Under Rule 54(a) of the Federal Rules of Civil Procedure, it states that

the term "judgment" "as used in these rules includes a decree and any order from which an appeal lies."

The court's order on Plaintiff's Writ of Replevin is not a final judgment. The order was entered pursuant to Rule 64 of the Federal Rules of Civil Procedure. Rule 64 acknowledges that the remedies available are for the purpose of securing the judgment ultimately to be entered in the action. As in the case of an order on a motion for preliminary injunction, the findings of fact and conclusions of law made by a court in deciding a preliminary motion are not binding at the trial on the merits. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981); *City of Chanute v. Williams Natural Gas Co.*, 955 F.2d 641, 649 (10th Cir. 1992), *overruled on other grounds by Systemcare, Inc. v. Wang Labs Corp.,* 117 F.3d 1137 (10th Cir. 1997) (recognizing that "the district court is not bound by its prior factual findings determined in a preliminary injunction hearing.").

It is within the court's discretion to reconsider a previous order. *Anderson v. Deer & Co.*, 852 F.2d 1244, 1246 (10th Cir. 1988). Rule 54(b) provides that "any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Fed. R. Civ. P. 54(b). In *Major v. Benton*, 647 F.2d 110, 112 (10th Cir. 1981), the Tenth Circuit explained that

> When a court enunciates a rule of law in the course of a given case, the law of the case doctrine generally requires the court to adhere to the rule throughout the proceedings. 1B Moore's Federal Practice P 0.404(1) at 402-03. The rule is one of expedition, designed to bring about a quick resolution of disputes by preventing continued reargument of issues already decided. *Roberts v. Cooper*, 61 U.S. (20 How.) 467, 481, 15 L.Ed. 969 (1858); *White v. Murtha*, 377 F.2d 428, 431-32 (5th Cir. 1967). Unlike res judicata, the rule is not an "inexorable command," but is to be applied with good sense. *Murtha*, 377 F.2d at 431-32 . . . . When a lower court is convinced that an interlocutory ruling it has made is substantially erroneous, the only sensible thing to do is to set itself right to avoid subsequent reversal. *Lindsey v. Dayton-Hudson Corp.*, 592 F.2d 1118, 1121 (10th Cir.), *cert. denied*, 444 U.S. 856, 100 S. Ct. 116, 62 L. Ed. 2d 75 (1979) . . . . Courts have generally permitted a modification of the law of the case when substantially different, new evidence has been introduced, subsequent, contradictory controlling authority exists, or the original order is clearly erroneous. *See Fuhrman v. United States Steel Corp.*, 479 F.2d 489, 494 (6th Cir.), *cert. denied*, 414 U.S. 859, 94 S. Ct. 71, 38 L.Ed.2d 110 (1973); *Murtha*, 377 F.2d at 431-32.

Although Rule 54(b) allows a court to revisit any order that rules on less than all of the claims in a case, a motion to reconsider is not appropriate when it merely restates the party's position taken in the initial motion. A motion for reconsideration is an "inappropriate vehicle to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion. Absent extraordinary circumstances, . . . the basis for the second motion must not have been available at the time the first motion was filed." *Servants of the Paracletes v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider must be made upon grounds other than a mere disagreement with the court's decision and must do more than rehash a party's former arguments that were rejected by the court.

The court finds no basis for altering or amending its prior order. Defendants merely disagree with the court's order, restate their previous arguments and assert new arguments that

were available to them at the time of the original briefing on this issue. These do not provide grounds for a motion to reconsider. While a motion for reconsideration should be granted to correct manifest errors of law, *see Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997), neither Defendants' arguments nor the court's review of its prior order convinces the court that the analysis in its prior order contains manifest errors of law.

  DATED this 2d day of November, 2007.

        BY THE COURT:

        _____
        Dale A. Kimball,
        United States District Judge